# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JOHNATHON JAY HENRY,

    Plaintiff,

vs.                               Case No. 4:12cv531-SPM/CAS

MR. RALPH, LIBRARY REPRESENTATIVE,

    Defendant.

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, was ordered to submit an amended complaint on court forms as required by N.D. Fla. Loc. R. 5.1(J)(2). Doc. 11. Plaintiff was provided a complaint form and directed to submit an "amended complaint" clearly stating the basis for his case and alleging how the Defendant hindered Plaintiff's access to the courts. *Id.* Plaintiff's deadline for compliance was December 31, 2012. *Id.* When Plaintiff failed to comply with that Order, a report and recommendation was entered on January 15, 2013, to dismiss this action. Doc. 13.

Plaintiff belatedly submitted an amended complaint on January 25, 2013. Doc. 14. Therefore, in a separate order, the prior report and recommendation, doc. 13, will be vacated and the amended complaint has been reviewed as is required by 28 U.S.C. § 1915A.

A civil rights complaint form must be utilized by all pro se litigants in this Court. N.D. Fla. Loc. R. 5.1(J)(2). The form requires all prisoners to disclose all prior litigation. A warning note on the complaint form advises that the "failure to disclose all prior civil cases may result in the dismissal of this case." Section IV. The warning also advises the prisoner-plaintiff that if he is unsure of any prior cases that "fact must be disclosed as well." Plaintiff states in Section IV of the complaint form that he has only initiated this case, and one other case in state court. Doc. 14 at 3-4. However, that is not correct. Plaintiff has signed the amended complaint under penalty of perjury, but he has not been truthful.

Prior to initiating this case on October 9, 2012, Plaintiff initiated case number 5:12cv266-MP/EMT on August 20, 2012, and case number 5:12cv34-RS/GRJ on February 15, 2012. By the time Plaintiff submitted the amended complaint in this case, he had initiated one more cases as well: case number 4:12cv616-MW/CAS was filed on November 29, 2012. Thus, Plaintiff has failed to advise the Court of three federal civil rights cases he has filed, all of which were filed within a relatively short period of time.

A federal court has inherent power to control the judicial proceedings and the conduct of the parties involved. In <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991), the Supreme Court acknowledged that "'certain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" <u>Chambers</u>, 501 U.S. at 43, 111 S. Ct. at 2132, 115 L. Ed. 2d at 44, *quoting* <u>United States v. Hudson</u>, 11 U.S. (7 Cranch) 32, 34, 3 L. Ed. 259, 260 (1812); *see also* <u>Roadway Express, Inc. v. Piper</u>, 447 U.S. 752, 764, 100

S. Ct. 2455, 2463, 65 L. Ed. 2d 488 (1980). These inherent powers are necessary for "courts to manage their own affairs" and "achieve the orderly and expeditious disposition of cases." Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, 115 L. Ed. 2d at 44, *quoting* Link v. Wabash R. Co., 370 U.S. 626, 630-631, 82 S. Ct. 1386, 1388-1389, 8 L. Ed. 2d 734 (1962).

The Supreme Court included within its listing of inherent powers of courts the ability to set aside fraudulently obtained judgments. Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, *citing* Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 1250 (1944). This power is necessary to protect the "integrity of the courts, for 'tampering with the administration of justice in [this] manner ... involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public.'" Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, *citing* Hazel-Atlas, 322 U.S. at 246, 64 S. Ct. at 1001. The Court went on to state that "a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud." Chambers, 501 U.S. at 43, 111 S. Ct. at 2132, *citing* Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S. Ct. 1176, 1179, 90 L. Ed. 1447 (1946).

This Court does take, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. Moreover, in the wake of 28 U.S.C. § 1915(g)[1], the Court must investigate

---

[1] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not

the prior filings of a prisoner to enforce the so-called "three strikes" provision. The task falling upon this Court to investigate the prior filings of complaints is unfortunately necessary in light of the number of inmates who file multiple lawsuits and fail to inform the Court of on-going or previously dismissed lawsuits. As noted by Magistrate Judge Timothy in <u>Hinson v. Escambia County Sheriff's Dept.</u>, 2009 WL 1606517, at * 2 (N.D. Fla. June 8, 2009), information supplied by prisoners in Section IV of the complaint form is useful in several ways. Beyond considering whether a prisoner is barred by the "three strikes" provision (28 U.S.C. § 1915(g)), it aids the Court in determining "whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action." "Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action." <u>Hinson</u>, 2009 WL 1606517, at * 2.

Plaintiff misrepresented his prior litigation history to this Court. If Plaintiff suffered no penalty for untruthful responses on the complaint form, "there would be little or no disincentive for his attempt to evade or undermine the purpose of the form." <u>Hinson</u>, 2009 WL 1606517, at * 2. "Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants." *Id.*

Relying upon the Supreme Court's guidance in <u>Chambers</u>, this Court acknowledges that a court's inherent power must be exercised with "restraint and

---

bring an action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

discretion."  Chambers, 501 U.S. at 44; see Roadway Express, 447 U.S. at 764, 100 S. Ct. at 2463.  This Court has the "ability to fashion an appropriate sanction for conduct which abuses the judicial process."  Chambers, 501 U.S. at 44-45.  Recognizing that outright dismissal of a lawsuit is a particularly severe sanction, Roadway Express, Inc. v. Piper, 447 U.S. 752, 765, 100 S. Ct. 2455, 2463, 65 L. Ed. 2d 488 (1980), this Court nevertheless appreciates the fact that in the case of pro se litigants who have been granted in forma pauperis status, the imposition of monetary sanctions will often have little or no impact.  Indeed, Plaintiff has now initiated four civil rights cases in federal court and has not been required to pay even a small partial filing fee for any case.  Therefore, because Plaintiff did not honestly disclose his prior cases, and because a monetary sanction will have little impact, it is recommended that this case be dismissed as abuse of the judicial process.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** as a sanction for Plaintiff's abuse of the judicial process in not providing true factual statements about his prior litigation pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on February 11, 2013.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**